UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 18-42354

TIERRA JONES,  Chapter 7

Debtor.  Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE DEBTOR'S EX PARTE MOTION
TO REOPEN CASE AND TO WAIVE MOTION FILING FEE**

This case is before the Court on the Debtor's motion filed February 3, 2020, entitled "Motion To Reopen Case and Waive Reopen Fee" (Docket # 22, the "Motion"). The Motion seeks to reopen this case, to enable the Debtor to file a Financial Management Course Certificate ("Certificate") and receive a discharge. The Motion was filed more than 19 months after this case was closed. The case was closed on June 13, 2018, without a discharge, due to the Debtor's failure to timely file the Certificate. The Motion also seeks a waiver of the filing fee for the Motion. For the following reasons, the Court will deny the Motion in its entirety.

**A. Background**

With the assistance of her attorney, the Debtor filed a voluntary petition for relief under Chapter 7 on February 23, 2018, commencing this case. That same day, the Clerk issued a notice that the first meeting of creditors would be held on March 28, 2018 at 1:30 p.m. (Docket # 7, the "Notice"). On February 23, 2018, the Notice was served by the Bankruptcy Noticing Center by email on some of the creditors, the Chapter 7 Trustee, and the Debtor's attorney, and on February 25, 2018, the Notice was served by the Bankruptcy Noticing Center by mail on the Debtor and the remainder of creditors (Docket # 8).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C. § 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtor was required to file a

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> > (A) An individual debtor in a chapter 7 . . . case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code[.]

[3] Fed. R. Bankr. P. 4004(c)(1)(H) states:

> (c) Grant of discharge
>
> > (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
>
> . . .
>
> > (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7)[.]

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
>
> . . .
>
> > (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in

Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was May 29, 2018.[5]

Although not required to do so, the Clerk of this Court reminded the Debtor and her attorney of the need to file the Certificate, and of the deadline for doing so, by a notice issued on April 13, 2018 (Docket # 16). The same day, that notice was served on the Debtor's attorney electronically, through the Court's ECF system. And the notice was mailed to the Debtor by the Bankruptcy Noticing Center on April 15, 2018. (Docket # 17). The notice stated the following:

> Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge. Pursuant to Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the debtor(s) must complete and file a **Certification About a Financial Management Course (Official Form 423)** as described in 11 U.S.C. § 111.
>
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that **Official Form 423** must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a chapter 7 case the debtor(s) must file **Official Form 423** within 60 days after the first date set for the meeting of creditors under § 341 of the Code.
>
> **Failure to file the certification will result in the case being closed without an entry of discharge.** If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the **Official Form 423**, the debtor(s) must pay the full reopening fee due for filing the motion.

(Docket # 16) (emphasis in original) (footnote omitted).

---

section 111[.]

[5] Sixty days after the first date set for the first meeting of creditors (March 28, 2018) was Sunday, May 27, 2018. The next day was Monday, May 28, 2018 which was a legal holiday (Memorial Day). The next day that was not a Saturday, Sunday, or legal holiday was Tuesday, May 29, 2018. Therefore, the deadline was Tuesday, May 29, 2018. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

The Debtor failed to file the Certificate by the May 29, 2018 deadline, or at anytime thereafter while the case remained open. The Debtor also failed to file a motion to extend the deadline to file the Certificate.

On June 13, 2018, after the case had been fully administered, the case was closed without a discharge, due to the Debtor's failure to file the Certificate. (Docket # 20). Notice of the Final Decree entered that day (Docket # 21) was served on Debtor's counsel by e-mail on June 13, 2018, through the Court's ECF system. And a notice that the Debtor's bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by mail on June 15, 2018 on all creditors, and on the Debtor. (Docket # 21). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial Management Course.." (*Id.*)

More than 19 months later, on February 3, 2020, the Debtor filed the Motion (Docket # 22). The Motion states, in relevant part: "I didn't do my certi[fi]cate of debtor education. [I] thought [I] completed this it totally slipped my mind [I] never know my case wasn't discharged until recently. My lawyer explained what [I] needed to do." (Mot. at ¶¶ 1-2.) Also on February 3, 2020, the Debtor filed a Certificate indicating that she took the financial management course on January 27, 2020 (Docket # 23.)

**B. Discussion**

The Motion does not allege or demonstrate any valid excuse, (1) why the Debtor failed to timely complete the financial management course and file the required Certificate, more than 19 months ago; (2) why the Debtor waited more than 20 months after the deadline to complete the

4

financial management course; or (3) why the Debtor waited more than 19 months after this case was closed before she moved to reopen it.

Section 350(b) of the Bankruptcy Code, Bankruptcy Rule 5010,[6] and Local Bankruptcy Rule 5010-1[7] govern motions to reopen a case for the purpose of filing a Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtor seeks to reopen the case to move for an order granting Debtor an extension of time to file the Certificate, so the Debtor can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio August 22, 2016) (citation omitted). Debtor has the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Certificate)] . . . only to the extent and under the conditions state in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule

---

[6] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[7] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) [(namely, a Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Certificate within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (apply the 4-part test and denying a Debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a Debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22,

6

2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in several cases, where the delay ranged from 10 months to more than 8 years. *See Lockhart*, 582 B.R. at 6 (delay of more than 1 year); *Barrett*, 569 B.R. at 688 (delay of more than 8 years); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15 months); *In re Kessler*, 588 B.R. 191 (Bankr. E.D. Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

The Court will apply this four-factor approach in this case. The Court finds that the Debtor has not shown either cause to reopen this case, or cause to grant the Debtor an retroactive extension of more than 20 months of the deadline to file the Certificate.

### *Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not allege or demonstrate any valid excuse, (1) why the Debtor failed to timely complete the financial management course and file the required Certificate, more than 20 months ago; or (2) why the Debtor waited more than 19 months after this case was closed before she moved to reopen it. This factor, therefore, weighs against granting the Motion.

The Motion indicates, in relevant part, that the Debtor was under the mistaken belief that

she had completed her financial management course, that she forgot about this requirement, and that she did not know that her case was not discharged until recently. Even assuming that the Debtor's statements in the Motion are true, and that the Debtor, at some point, mistakenly believed that she had complied with the financial management requirement to obtain a discharge before her case was closed, she cannot reasonably and credibly allege that she still believed that after she received the Notice of the Final Decree in June 2018, which clearly stated that her case had "been closed without entry of discharge" because the Debtor "did not file Official Form 423, Certification About a Financial Management Course." And in this case the Debtor was represented by an attorney, who also received this notice, by e-mail on June 13, 2018.

The Motion also does not explain why the Debtor waited more than 19 months after the case was closed to move to reopen the case, and take the financial management course. As already stated, the Debtor was informed, by the notice described above, which was mailed to her on June 15, 2018, that her case had been closed without a discharge, and why it had been so closed.[8] Yet the Debtor and her attorney did nothing to try to rectify this for more than 19 months, and the Motion alleges no valid excuse, for such an extremely long delay by the Debtor.

***Factor 2: whether the request was timely***

The delay of more than 19 months in both the Debtor's completion of the financial management course and in filing the Certificate in this case is far too long. Such a long delay frustrates the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the Court explained:

---

[8] The Motion does not allege that the Debtor did not receive this notice. And there is no indication in the record that the mailing was returned undelivered by the post office.

8

18-42354-tjt    Doc 24    Filed 02/05/20    Entered 02/05/20 14:06:00    Page 8 of 10

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
>
> . . .
>
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3.

The magnitude of the Debtor's delay in this case is significant, and this factor strongly weighs against granting the Motion.

### *Factor 3: whether fault lies with counsel*

The Debtor was represented by counsel in this case at all times until the case was closed, but Debtor did not allege in the Motion that her failure to timely complete the Financial Management Course and to file a Certificate was the fault of her counsel. The fault for failing to

9

timely complete the Financial Management Course and to file a Certificate was entirely due to the Debtor's own fault and neglect. This factor weighs against granting the Motion.

*Factor 4: whether creditors are prejudiced*

In *Chrisman*, the Court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case, although shorter than the delay in *Chrisman*, is still very long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a long delay. This factor therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor has failed to demonstrate cause to reopen this case. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 22) is denied.

2. The Debtor's request for a waiver of the filing fee for the Motion is denied.[9]

3. The Debtor is not prohibited from filing a new bankruptcy case.

**Signed on February 5, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[9] The Motion does not demonstrate good cause for the Court to waive the filing fee for her motion to reopen this case. In addition, the Court notes that in the final decree, Court stated in relevant part: "If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the Financial Management Course Certificate, the debtor(s) must pay the full filing fee due for filing such a motion." (Docket # 20.)